IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHUBB NATIONAL INSURANCE COMPANY and TRAVELERS PERSONAL SECURITY INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL ACTION NO.: 3:13-CV-0528 |
| DALE & MAXEY, INC. d/b/a DALE INCORPORATED, and HERBERT ALLEN COLE d/b/a WILLIAMSON COUNTY HEATING AND PLUMBING, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## AMENDED COMPLAINT

Plaintiffs, Chubb National Insurance Company and Travelers Personal Security Insurance Company, by and through undersigned counsel, hereby sue defendants Dale & Maxey, Inc. d/b/a Dale Incorporated and Herbert Allen Cole d/b/a Williamson County Heating and Plumbing and allege as follows:

## PARTIES

1. Plaintiff, Chubb National Insurance Company, is and has been a corporation organized and existing under the laws of the State of Indiana.

2. Plaintiff, Travelers Personal Security Insurance Company, is and has been a corporation organized and existing under the laws of the State of Connecticut.

3. Defendant, Dale & Maxey, Inc. d/b/a Dale Incorporated (hereinafter "Dale"), is and has been at all material times an active corporation organized and existing under the laws of the State of Tennessee, with a principal place of business located at 915 6th Avenue South,

Nashville, Tennessee 37203, the registered agent for which is Albert J. Dale III, 915 6th Avenue South, Nashville, TN 37203.

4. Defendant, Herbert Allen Cole, is and has been at all material times an individual and sole proprietorship doing business as Williamson County Heating and Plumbing who does business at one or both of the following addresses: (1) 6837 Hendrix Road, College Grove, TN 37046-8802, phone: 615-791-5648, and/ or (2) 405 Eddy Lane, Franklin, TN 37064, phone: 615-791-5648, phone: 615-538-5130, phone: 615-538-5118.

**JURISDICTION**

5. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties, and plaintiff's damages are in excess of $75,000.00, as the property damage giving rise to this action exceeds $4,000,000.

**VENUE**

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1), in that at least one defendant's principal place of business is in Davidson County, Tennessee, the case involves property situated at 17 Oxmoor Court, Brentwood, Tennessee 37027 (Williamson County), which is also where the events or omissions giving rise to this action occurred, and the Nashville division of the Middle District of Tennessee includes Davidson County and Williamson County.

**FACTS**

7. This case involves a fire of October 21, 2011 (hereinafter "the subject fire") to the home of George Thomas (Tom) Vogel and Denise Vogel (hereinafter "the Vogels") at 17 Oxmoor Court, Brentwood, TN 37027 (hereinafter "the subject home"), originating from a fireplace on the outdoor veranda of said home.

8. On a date prior to October 21, 2011, Plaintiff Chubb National Insurance Company issued a policy of insurance to the Vogels providing property insurance coverage for the subject home.

9. On a date prior to October 21, 2011, Plaintiff Travelers Personal Security Insurance Company (hereinafter "Travelers") issued a policy of insurance to Denise Vogel providing property insurance coverage for her 2009 Mercedez Benz (hereinafter "the subject vehicle").

10. The subject home was constructed in 2006.

11. The Vogels purchased the subject home October 15, 2010.

12. The subject home has several fireplaces, one of which was on the back veranda (hereinafter "the subject fireplace").

13. When the Vogels purchased the home, the subject fireplace had gas logs installed, *i.e.*, it was not used to burn real wood.

14. In October of 2010, the Vogels considered whether to have the fireplace changed so that instead of it being a gas log system it would be converted to a wood-burning system.

15. In considering whether to convert the subject fireplace to a wood-burning system, the Vogels researched companies in the Nashville area which advertised or demonstrated capabilities in the subject area and contacted Dale to come to the house and see if this could be done.

16. Representatives of Dale came to the subject house on December 2010 and inspected the subject gas log installation and the design and construction of the subject fireplace.

17. The Dale representatives advised that in order to convert the subject fireplace from a gas log system to a wood-burning system, all that would be needed would be to remove

the artificial gas log system and replace it with a stainless steel gas burner pipe, also known as a "log lighter."

18. On October 25, 2010, Dale representative Joe Eaton purchased a log lighter and installed it at the Vogel home.

19. On a date believed to be after October 25, 2010, Herbert Allen Cole d/b/a Williamson County Heating and Plumbing (hereinafter "Allen Cole") installed two gas lights above the veranda fireplace.

20. On the night of the fire, Tom Vogel started a log fire in the subject fireplace at around 7:30 or 8:00 p.m.

21. At around 9:30 p.m., Mr. Vogel was in his bedroom, which has a fireplace opposite from the veranda fireplace, when the flat screen TV above his bedroom fireplace suddenly turned off.

22. The two fireplaces share a common area between them in which two separate chimney cases run upward to the roof.

23. The subject fireplace, which is an outdoor fireplace, had been burning wood since 7:00 or 8:00 pm that night.

24. When the bedroom TV turned off, Mr. Vogel walked toward the wall where the TV was mounted to investigate.

25. At first, he thought the cable had gone out, but as he got closer he could see that the TV actually shut down.

26. While close to the wall, he could hear what sounded like a crackling sound behind the bedroom fireplace wall.

27. Mr. Vogel placed his hand on the wall and found it was warm to the touch.

28. Mr. Vogel went through the door to the left of the bedroom fireplace to the veranda and checked the outdoor fireplace.

29. He noticed that the fire in the outdoor fireplace was low.

30. Mr. Vogel went back into his bedroom and could still hear crackling and feel warmth, at which point he told his wife to call 911 and they took their children out of the house.

31. The fire spread rapidly through the house and, despite the best efforts of the responding fire department, the house was severely damaged.

32. After the fire, a coordinated inspection of the subject home took place on November 23, 2011, attended by undersigned counsel, John Reis, and the following: (1) Tom Vogel, owner of Dale; (2) Tim Burgess, electrical engineer with Unified Investigations & Sciences, Inc., retained by Chubb; (3) Jesse Hooten, fire investigator with Unified Investigations & Sciences, retained by Chubb; (4) David Wright, P.E., of Wright Fire & Forensics, retained by Chubb; (5) Jeff Morrill of Morrfire Investigations, representing Dale; (6) Joe Wheeler, attorney for Dale; (7) Tom Carlton, attorney for Dale; (8) Patrick Murphy, fireplace manager with Dale; (9) Jarred McNeal, National General Adjuster, Engel Martin & Associates, Inc., retained by Builders Insurance, insurer for Allen Cole d/b/a Williamson County Heating (which had installed gas lights above the subject fireplace); (10) Allen Cole; (11) McKenzie Roberts, P.E., Engineering Consultant, Engineering Consultants & Design, Inc., McMinnville, TN 37110, for Allen Cole; (13) James A. Waller, P.E., Structural Engineer, VCE, Inc., Nashville, TN 37202, for Allen Cole; (14) Charles A. Griffin of VCE, Inc., for Allen Cole; (15) Dewey N. Griffin of VCE, Investigative, Nashville, TN 37210 for Allen Cole; (16) Frank Thomas of Leitner Williams for Allen Cole; (17) Joe Holt of Kustom Home Entertainment (which had installed cabling for

the TV in the Vogels' bedroom); and (18) Nancy L. Jones, Fire Marshal, Brentwood Fire & Rescue, Brentwood Fire Department, Brentwood, TN.

33. At the November 23, 2011 scene inspection, all parties present had an opportunity to interview Tom Vogel and they did so at length.

34. On December 2, 2011, a second coordinated scene inspection occurred, attended by undersigned counsel John Reis and Tim Burgess, Jesse Hooten, David Wright, Todd Niner of Wright Investigations, Jeff Morrill, Dewey Griffin, McKenzie Roberts, Charles Griffin, David Wright, Todd Niner, Karen Niner, Frank Thomas, and Nancy Jones.

35. At the December 2, 2011 scene inspection, the subject fireplace was removed and has been stored off site ever since, along with any other evidence from the scene that those in attendance desired be removed and retained.

36. On April 10, 2012, an off-site inspection took place whereby all evidence removed from the scene was carefully examined and subjected to such testing as the parties desired, attended by Jesse Hooten, David Wright, Karen Niner, Jeff Morrill, Dewey Griffin, McKenzie Roberts, and Frank Thomas.

37. The results of the above inspections and examinations revealed that the cause of the fire was ignition of wood in and around the framing and flooring of the subject fireplace, which had overheated.

38. The fire destroyed the subject home and the subject vehicle.

39. As a result of the fire, the Vogels made a property insurance claim with Chubb for the damages to the house and its contents and the loss of use thereof.

40. As a result of the fire, Denise Vogel made a property insurance claim with Traveler for the damages to the subject vehicle and its loss of use.

41. Chubb paid the Vogels claim for the damages to the house, contents, and loss of use of the home in the total amount of $4,956,965.36 and the Vogels incurred no deductible.

42. Travelers paid Denise Vogel $42,331.31 and received back salvage value of $10,828.51, for a total claim of $31,502.49 for the damages to the subject vehicle in that amount; Denise Vogel incurred a $250.00 deductible.

43. Having paid the Vogels for the above damages pursuant to the policy of insurance, Chubb is subrogated to its insureds' right to bring this action against those responsible for the damages and proceeds with this action on the basis of the doctrine of conventional subrogation.

44. Having paid Denise Vogel for the above damages pursuant to the policy of insurance, Travelers is subrogated to its insured's right to bring this action against those responsible for the damages and proceeds with this action on the basis of the doctrine of conventional subrogation.

## COUNT I: BREACH OF CONTRACT AGAINST DALE & MAXEY, INC.

45. Plaintiffs hereby incorporate and re-aver by reference the allegations preceding Count I as if fully stated herein.

46. Dale and the Vogels exchanged offers until they entered into a valid and enforceable oral and/or implied-in-fact contract pursuant to which Dale would use it professional knowledge and skills to convert the subject fireplace from a gas log system to a wood burning system.

47. Having contracted to perform the work described above, Defendant had an implicit duty to perform in accordance with applicable codes, procedures, and industry standards,

in a workmanlike manner, and/or in compliance with the terms of the contract and was fully responsible for defective materials and/or workmanship it provided.

48. Prior to installing the log lighter on October 25, 2010, Joe Eaton of Dale removed the gas logs, which he discarded later that day.

49. Mr. Eaton did not replace the gas logs with a grate for use to hold wood.

50. The log lighter was installed in such a way that it ran along the bottom of the hearth where the gas logs use to be, with idea that a grate would be placed above the log lighter.

51. Dale advised that starting a fire using a log lighter would involve no change to starting a fire with a gas log system, other than lighting a match to ignite the gas from the log lighter, in that the owner would simply need to use the switch to the side of the fireplace to release the gas and then ignite the gas with the match.

52. Once ignited, the burner pipe would have flames emanating from holes in the log lighter and those flames would ignite the wood sitting in the grate above it.

53. Upon recommendation from Dale, the Vogels hired Dale to do what was necessary to make the conversion which the Vogels understood was to remove the gas logs and replace the gas logs with the log lighter.

54. The log lighter installed by Dale ran horizontally from the right wall of the firebox to the fireplace toward the left, when one is standing on the veranda looking at the fireplace.

55. In converting the gas-log system to a wood burning system, Dale (among its errors) failed to obtain and/or review and/or follow the DESA instructions for the DESA brand fireplace insert on safety precautions for the insert if it is to be wood burning instead of gas burning.

56. Dale failed to assure that the seams around the firebox -- where the metal frame of the firebox meets the wood framing -- were properly sealed with fireplace sealant and was free of any other conditions that could present a fire hazard.

57. Dale failed to properly assure that the hole -- through which the pipe serving the log lighter passed through the fireplace insert to enter the firebox -- was properly protected, sealed, and/or otherwise secured from the entry of burning embers into that hole.

58. Dale failed to review page 9 of the installation instructions in the section titled, "OPTIONAL GAS LINE INSTALLATION," which contains provisions identifying a part called a gas line conduit sleeve which contained insulation and which was to be kept in place when installing the gas line through it; for example, Step 3 of this instruction states, "Run a ½ inch black iron gas line into the fireplace through the rear at gas line conduit sleeve" and Step 4 of this instruction states, "Repack insulation around gas line and into sleeve opening. Seal any gaps between gas line and refractory knockout hole with refractory cement or commercial furnace cement. …."

59. The failure to assure that the hole through which the gas line entered the firebox was protected against burning embers entering the hole allowed for embers to escape into that hole, through that hole, and onto the wood flooring outside the firebox.

60. Dale also failed to consider the fact that the fireplace had been installed in an outside porch, subject to breezes and drafts that could affect the operation of the fireplace if it were a wood-burning system; page 2 of the installation instructions states, "Consider a location w[h]ere the fireplace would not be affected by drafts …."

61. Dale also failed to provide the Vogels with any instructions or warnings for future use of the fireplace, including the failure to caution or warn the Vogels regarding the size of the grate they should use in the firebox with the new burner pipe assembly.

62. Additionally, Dale did not secure a permit for the work being performed or have an inspection performed by the proper agency to verify the quality and conformity of their work.

63. As a direct and proximate cause of the above alleged failures, errors and omissions of Dale, a fire started outside of the fireplace insert and spread within the chimney chase and throughout the home resulting in the damages alleged above.

WHEREFORE, Plaintiffs respectfully request the entry of a judgment against this Defendant for the damages sustained, plus prejudgment interest, costs, and fees as may be properly awarded by the Court.

## **COUNT II: NEGLIGENCE AGAINST DALE & MAXEY, INC.**

64. Plaintiffs hereby incorporate and re-aver by reference the allegations preceding Count I as if fully stated herein.

65. Dale after being given an opportunity to inspect undertook for an agreed fee to convert the subject fireplace from a gas log system to a wood burning system for the use and benefit of the Vogels.

66. Having undertaken to perform the work described above, Defendant had an implicit duty to perform said work in accordance with applicable codes, procedures, and industry standards and in a workmanlike manner and was responsible for defective materials and/or workmanship it provided.

67. Plaintiff incorporates and re-alleges the allegations contained in paragraphs 48 through and including 62.

68. As a direct and proximate cause of the above alleged failures, errors and omissions of Dale, a fire started outside of the fireplace insert and spread within the chimney chase and throughout the home resulting in the damages alleged above.

WHEREFORE, Plaintiffs respectfully request the entry of a judgment against this Defendant for the damages sustained, plus prejudgment interest, costs, and fees as may be properly awarded by the Court.

### COUNT III: BREACH OF IMPLIED WARRANTY OF WORKMANLIKE SERVICE AGAINST DALE & MAXEY, INC.

69. Plaintiffs hereby incorporate and re-aver by reference the allegations preceding Count III as if fully stated herein.

70. Dale represented itself as knowledgeable, experienced and capable of undertaking to inspect and evaluate the fireplace conversion project and thereafter undertook for a fee to convert the subject fireplace from a gas log system to a wood burning system for the use and benefit of the Vogels.

71. Having undertaken to perform the work described above, Dale impliedly warranted that it would perform in a workmanlike manner and exercise reasonable care in converting the fireplace system, such that the system would be free from defects and would be fit for its intended purposes and in accordance with local building codes, building plans and industry standards.

72. The defendant breached this warranty by failing to convert the fireplace system in a workmanlike manner, free from defects, and in accordance with industry standards, local building codes and the building plans, in the ways alleged in Counts I and II.

73. Plaintiff incorporates and re-alleges the allegations contained in paragraphs 48 through and including 62.

74. As a direct and proximate cause of the above alleged failures, errors and omissions of Dale, a fire started outside of the fireplace insert and spread within the chimney chase and throughout the home resulting in the damages alleged above.

WHEREFORE, Plaintiffs respectfully request the entry of a judgment against this Defendant for the damages sustained, plus prejudgment interest, costs, and fees as may be properly awarded by the Court.

### COUNT IV: BREACH OF CONTRACT AGAINST ALLEN COLE

75. Plaintiffs hereby incorporate and re-aver by reference the allegations preceding Count I as if fully stated herein.

76. Allen Cole and the Vogels exchanged offers until they entered into a valid and enforceable oral and/or implied-in-fact contract pursuant to which Allen Cole would use his professional knowledge and skills to install gas lights above the mantel to the subject fireplace.

77. Having contracted to perform the work described above, this Defendant had an implicit duty to perform in accordance with applicable codes, procedures, and industry standards, in a workmanlike manner, and/or in compliance with the terms of the contract and was fully responsible for defective materials and/or workmanship he provided and for any damage to nearby materials or systems.

78. In the course of installing the gas lights, Allen Cole and/or his workers or agents or subcontractors entered the chimney chase area for the subject fireplace.

79. As set forth in paragraph 81 of Defendant Dale & Maxey, Inc.'s Answer to the original Complaint, Dale & Maxey, Inc. alleges that "Mr. Alan Cole, individually and doing business as Williamson County Heating and Plumbing, and/or other employees or associates of Mr. Cole and/or Williamson County Heating and Plumbing, damaged the subject DESA

fireplace unit and/or adjacent structures while performing work at the Vogel home after the date of Dale's work and that such damage proximately caused or contributed to conditions giving rise to the fire and the losses and damages claimed by the plaintiffs herein."

80. Although this allegation remains the subject of future discovery, these workers upon information and belief stepped on top of the subject fireplace in the course of their work.

81. The action of stepping on the fireplace presented a fire hazard by potentially altering the area where the metal frame of the firebox met the wood framing.

82. This defendant also failed to secure a permit for the work being performed or have an inspection performed by the proper agency to verify the quality and conformity of their work.

83. As a direct and proximate cause of the above alleged failures, errors and omissions of Allen Cole, a fire started outside of the fireplace insert and spread within the chimney chase and throughout the home resulting in the damages alleged above.

WHEREFORE, Plaintiffs respectfully request the entry of a judgment against this Defendant for the damages sustained, plus prejudgment interest, costs, and fees as may be properly awarded by the Court.

### COUNT V: NEGLIGENCE AGAINST ALLEN COLE

84. Plaintiffs hereby incorporate and re-aver by reference the allegations preceding Count I as if fully stated herein.

85. Defendant Allen Cole undertook to use his professional knowledge and skills to install gas lights above the mantel to the subject fireplace.

86. Having undertaken to install the gas lights above the mantel to the subject fireplace, this defendant had an implicit duty to perform in accordance with applicable codes,

procedures, and industry standards, in a workmanlike manner, and/or in compliance with the terms of the contract and was fully responsible for defective materials and/or workmanship he provided and for any damage to nearby materials or systems.

87. Plaintiff incorporates and re-alleges the allegations contained in paragraphs 78 through and including 82.

88. As a direct and proximate cause of the above alleged failures, errors and omissions of Allen Cole, a fire started outside of the fireplace insert and spread within the chimney chase and throughout the home resulting in the damages alleged above.

WHEREFORE, Plaintiffs respectfully request the entry of a judgment against this Defendant for the damages sustained, plus prejudgment interest, costs, and fees as may be properly awarded by the Court.

### COUNT VI: BREACH OF IMPLIED WARRANTY OF WORKMANLIKE SERVICE AGAINST ALLEN COLE

89. Plaintiffs hereby incorporate and re-aver by reference the allegations preceding Count I as if fully stated herein.

90. Allen Cole represented himself and his business as knowledgeable, experienced and capable of undertaking to inspect and evaluate the fireplace area in order to install gas lights above the mantel of the fireplace for the use and benefit of the Vogels.

91. Having undertaken to perform the work described above, this defendant impliedly warranted that it would perform in a workmanlike manner and exercise reasonable care in installing the gas lights, such that the system and the area surrounding it would be free from defects and would be fit for its intended purposes and in accordance with local building codes, building plans and industry standards.

92. The defendant breached this warranty by failing to install the gas lights in a workmanlike manner, free from defects to surrounding areas and systems, and in accordance with industry standards, local building codes and the building plans, in the ways alleged in Counts IV and V.

93. Plaintiff incorporates and re-alleges the allegations contained in paragraphs 78 through and including 82.

94. As a direct and proximate cause of the above alleged failures, errors and omissions of Allen Cole, a fire started outside of the fireplace insert and spread within the chimney chase and throughout the home resulting in the damages alleged above.

WHEREFORE, Plaintiffs respectfully request the entry of a judgment against this Defendant for the damages sustained, plus prejudgment interest, costs, and fees as may be properly awarded by the Court.

Respectfully submitted this the 27th day of January 2014.

By: /s/ John W. Reis
John W. Reis, Esq., BPR # 024818
COZEN O'CONNOR
One Wells Fargo Center, Suite 2100
301 South College Street
Charlotte, NC 28202
Phone: (704) 376-3400
Fax: (704) 334-3351
E-mail: jreis@cozen.com
*Counsel for Plaintiffs*

By: /s/ James A. Freeman
James A. Freeman, III, Esq., BPR # 003223
JAMES A. FREEMAN & ASSOCIATES
2804 Columbine Place
Nashville, TN 37204
Phone: 615-383-3787
Fax: 615-463-8083
Email: jfreeman@jafreemanlaw.com

*Co-counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by filing it electronically with the Court, which will serve it via email to the following parties:

> John W. Reis
> COZEN O'CONNOR
> One Wachovia Center, Suite 2100
> 301 S. College Street
> Charlotte, North Carolina 28202
> Email: jreis@cozen.com
> *Attorney for Plaintiffs*
>
> James A. Freeman, III, Esquire
> Law Offices of James Freeman
> 2804 Columbine Place
> Nashville, TN 37204
> Email: jfreeman@jafreemanlaw.com
> *Co-counsel for Plaintiff*
>
> Joseph R. Wheeler, Esquire
> CORNELIUS & COLLINS, LLP
> 511 Union Street, Suite 1500
> P.O. Box 190695
> Nashville, TN 37219-0695
> Telephone (615) 244-1440
> Facsimile (615) 254-9477
> Email: jrwheeler@cornelius-collins.com
> *Attorney for Dale & Maxey, Inc.*

Respectfully submitted this 27th day of January 2014.

By: __/s/ John W. Reis_____
John W. Reis
*Attorney for Plaintiffs, Chubb National Insurance Company and Travelers Personal Security Insurance Company*
